Mr. O'Quinn. Thank you, Judge Newman. May it please the Court, John O'Quinn on behalf of Honeywell. The Board's decision should be vacated because its refusal to allow Honeywell to even file a motion to seek leave to obtain a Certificate of Correction from the Director was both substantively and procedurally flawed. Mr. O'Quinn, what do you think the standard is that we should apply? Because it does look, and your opponent will stress undoubtedly, that there was an opportunity more than one to make this correction earlier. So, Judge Newman, I think a couple of things. First, whatever standard this Court applies in terms of reviewing the Board's decision, there's no question that the Board was wrong in its analysis because the Board was on the mistaken impression that you cannot use a Certificate of Correction to correct a priority chain. And that's inconsistent with longstanding patent office practice. And that is reason enough to vacate the Board's decision because under the principle of Prill versus an LRB and other cases, if the Board's gotten it wrong with respect to one aspect of its decision, then that requires a rebalancing of its decision. But I think that to answer the question that you asked, Judge Newman, the inquiry before the Board, as we've described in our brief, was whether or not there was a plausible basis for Honeywell to be able to seek a Certificate of Correction in the first place. In an analogous context, the Supreme Court, for example, has said with respect to a Certificate of Appealability, you don't have to show that you're entitled to prevail on the merits in order to be able to appeal. And I think the same principle would apply here. Yes, the Board has a role to weed out what would be a frivolous request, but I don't think that there's any dispute that the request here is certainly not one that is frivolous. And so the things that the Board could and did consider were, number one, whether or not you can use a Certificate of Correction to correct a priority change. And again, longstanding patent office practice says that you can. The Board's statement to the contrary on which its decision rests, at Appendix 177, is simply wrong. You can't square it with Henry Lambrecht or Shor's and Van Weeman, which are decisions from the patent office, or Pfizer versus Teva, Karatek versus Kobayashi, B. Braun, all of which are district court cases that recognize that there's longstanding patent office practice that you can use a Certificate of Correction to correct a priority change. So let's assume it was an inadvertent error. Is this the assumption you wish us to operate on? That's absolutely right. So let's assume that. Here we have a situation which is now contested. I think it's also fair to assume that if the change is made, let's call it the correction, the change, it will affect the result. It will affect the validity. Well, certainly, the whole purpose of seeking the Certificate of Correction is to be able to get an earlier priority date than the filing of this particular application, and that would affect what would and wouldn't be prior art. That's absolutely right, Judge Newman, and indeed, it's certainly clear, and courts and the Board have recognized in other contexts, that that is perfectly fine. In Emerson versus SIPCO, the Board said, quote, correcting a priority chain always has the potential to affect the validity of a patent involved in litigation, yet such corrections are not precluded by the pending litigation, and there, in that particular case, it authorized pursuit of such a correction. And similarly, in the B. Braun case in the District Court in Delaware, and in the Pfizer versus Teva case, both of them recognized that it would, of course, have the ability to affect. Judge Reina, didn't this request for the correction come in pretty late into the proceeding? Why should we allow a party to glide through certain phases of the proceeding and then seek a correction like this, if they don't like what's going on? Sure. Judge Reina, I appreciate the question, and as the prosecuting attorney explained to the Board on the telephone call, this was a mistake that was discovered in the context of preparing the patent owner response. This is a patent that is one of a family of 100-plus patents, and so in the process of preparing the patent owner response, more than a month before the patent owner response was going to be due, Honeywell recognized that there was a sister chain that could be and should be claimed, and at that point in time brought it to the Board's attention. Now I think it's important... Within the response? It was before the patent owner response was due, a month before the patent owner response was due to be filed. Now that time had been extended, but it was before the patent owner response was to be filed, and to be clear, even if you think that the Board could have perhaps decided that this was untimely, and there was no evidence that there was intentional delay here, there was suggestion that somehow this was strategic behavior, there's nothing about it that would have been strategic. There's no reason not to claim both priority chains except in advertence, but even if you think that the Board could perhaps decide that the delay was reason, that's not the basis for the Board's decision. The Board's decision is at Appendix 177, it's very short, and what it relies on is the failure to show that the minor character prong has been met, and that's just wrong as a matter of law. It is a basic misunderstanding of what it means... At least you say that it's the Director that has to resolve that issue. Well it's two issues, Judge Reinert. Number one, that is... What's left for the Board to decide? When I read your argument, it seems that you want the Director to be the deciding factor on both prongs. What does the Board do? Sure. So I do think it is ultimately the Director's decision. This is not something that the Director has delegated to the Board, unlike, say, institution decisions that the Director has delegated to the Board. So it's ultimately for the Director. I think that the proper role for the Board here is to make a preliminary inquiry to assess whether or not, well, is this something that is frivolous, or is it plausible? And again, the analogy I would draw... The statute doesn't use the word frivolous. Well, the statute actually doesn't address this at all, Judge Reinert. The statute doesn't contemplate that the Board is going to necessarily be deciding anything with respect to a certificate of correction. The statute gives that authority to the Director. Now the statute allows the Director... Frivolous isn't a standard for the Director or the Board. No, I agree. The Director would ultimately decide this on the merits, and the Director could theoretically delegate his authority to the Board. So what's left for the Board to decide? Yeah, so I think that what the Board should have been deciding here is kind of like the panel in plastic development, which is available in the appendix of 15-143. It's a 2017 PTAB decision, and that is whether or not there is a sufficient basis to believe that the mistake may be correctable. Isn't it essentially a futility review? The Board doesn't have to grant this motion if it would be futile for the patent owner to go to the Director and seek this correction. I think that's absolutely an appropriate way to think about it, Judge Hughes. If the Board thinks that it would be futile, then no, the Board doesn't have to grant it. But otherwise, short of that, I think it is absolutely appropriate for the Board to say... But isn't that kind of what the Board did here? They determined that even though, you know, some corrections can be granted under this, including to get the right chain back, that this was not a minor correction because it was going towards an entirely different patent, not just correcting the chain back to the same priority they claimed in the original patent. Well, first, Judge Hughes, I don't read the Board as deciding that. What I read the Board as deciding is simply that you cannot use a certificate of correction to correct the priority chain if it's going to affect what would be potentially prior art in the proceeding. And I think that's... I'm not sure that I necessarily agree with you, but let's stick to the premise, though, that there may be two types of corrections of priority chain. One, you've just somehow made a mistake in tracking back to the priority date you claimed in the original patent, and the chain somehow got broken or something, but you can get there other way. You're still going back to the same patent. That's not what's going on here, right? You claim priority back to a certain patent, and your new proposed priority chain goes back to an entirely different patent. Obviously related, but not mentioned at all in the original patent claim, I take it, and a completely different chain. So, Judge Hughes, first, it's not mentioned in the original application. I agree with that. Second, I wouldn't characterize it as being a completely different chain because the two of the patents in the chain are themselves continuations in part of patents that were already in the existing chain. But I would say that's not inconsistent with what has been authorized in cases like Pfizer versus Teva or like Schor's and Van Wieman. Are there instances where you can cite to us that the director has allowed this type of chain correction to a different priority patent under this minor or inadvertent standard? No, I understand the question. I guess I'll put it this way. I'm not aware of any where the director has disallowed it on those grounds. I'm not aware of one specifically that has allowed it, but I'm not aware of one that has disallowed it. And if that is really sort of the basis here for saying maybe a certificate of correction would not be appropriate, I would submit two things. Number one, the board should have at least allowed us to file a motion so that that issue could have been crystallized. And second, I'm not sure the board's in a position to make that decision as opposed to the director and the petitions branch, which decides these types of issues. So did the board suggest that since they held that you hadn't shown that this was a minor change, that therefore the alternative for correcting an error is to put the patent into reissue? So is this something that's available at this stage? So Judge Newman, the board didn't suggest that at all. And again... In some ways, maybe your opponents suggested it. I think they may have. And they may have said that they think that that is what would be appropriate here. And I think that gets back to the board's fundamental error. The board's fundamental error is thinking that a certificate of correction could not be used to correct the priority chain. And if you look at, for example, Appendix 154... Well, I don't know if they said that in this case, at least, that based on the explanations which had been offered or not offered, that the standard had not been met of showing that it was a minor or inadvertent error. Well, I don't... The board didn't go off on the grounds that this was not inadvertent or in the sense of... Besides the statute, the regulation. That's right. The board went off solely on two grounds. One, the failure to show it's a minor problem, which I think turns on the board's misunderstanding. Treating this... The board, if you look at Appendix 154 and 156, the board focuses on whether or not this is tantamount to a clerical or typographical error. And indeed, Arkema's counsel said the fact that it was not a typo was enough to quote in the discussion. That's at Appendix 162 to 164, where that discussion is taking place. And that's not the right standard because, again, when you look at Henry Lambrecht, you look at Shor's and Van Weemen, you look at Pfizer v. Teva, and these other cases, Word to Info versus Google, there's no question that a certificate of correction can be used to correct a priority chain, and the board's just simply wrong about that. The board also addressed the issue of prejudice, but it did not provide any reasoning for that, and it didn't identify anything that would, in fact, have been prejudicial in this case, and it didn't consider the prejudice to us, namely, that there's no other remedy available if we were not able to pursue a certificate of correction in this context. I see him into my rebuttal, but I'm happy to answer further questions. Yes, so let's hear from the other side, and we'll save you rebuttal time. Thank you, Judge Newman. Your Honor, it's Mark Feldstein for Arkema. Why isn't your friend's argument that the board should just make an initial kind of plausibility determination about whether a correction can be sought the right way to do this, rather than the board kind of supplanting the director in this case? So I don't think the board supplanted the director. The board asked literally for a showing of whether Honeywell would be entitled to it. They didn't ask Honeywell to prove it. They asked for a showing, and if you limit it merely to the plausibility, as Honeywell is arguing, you leave out prejudice, which counsel didn't reference once. Prejudice is clearly a factor. Their lead case, at least in their opening brief, USAA, considers, among other things, prejudice, and it's an appropriate factor for the board. If the correction is allowed, does that drive the result in the case? I'm sorry, Your Honor? If the correction is permitted, does that drive the result in the case? Well, what counsel said, you know, they say now that it was case dispositive, and therefore a basis for appeal. What they said during the hearing, in fact, was that it's a placeholder, and that they would have to then prove up entitlement to the priority. So the statute of correction by itself actually isn't enough, and this is part of what we addressed in the harmless error. Even if they had gotten the motion, even if they had gotten the statute of correction, that doesn't make it case dispositive. It makes it, which questions why we're here at all on a pure procedural issue. They would have had to show that they were entitled to priority. They don't, they didn't show that there was prejudicial error in their opening brief. In fact, there's not prejudicial error because they wouldn't have been entitled to priority. As Your Honors had asked, there's no reference to the prior applications, the ones they want to incorporate, in the chain of patents, which is a requirement in the MPEP 1481.03 that has to be, quote, clear from the record if you're going to insert a late claim to priority. That's why they're here. Sorry, Your Honor? That's why they're here. There's no reference, and they want to insert it. Correct, Your Honor, but the MPEP requires 1481.03, which they cite in their opening brief, requires that for a late claim for priority, this is 35 USC 120, a late claim for priority, it has to, the change in priority has to be, quote, clear from the record of the patent and the parent applications. Here there's no reference in the patent or the parent applications to the sister chain that they're trying to incorporate. Is that because they were not allowed to make their argument? No, because the record of the patent itself, looking at the file history of the patent, looking at the record, looking at the inventor's open declaration, that's usually where you find support to say, it was in the record all along, and we're going to add a late claim of priority, but we can point to where you can backtrack it. Here it's obviously not clear from the record. It took Honeywell eight and a half months after we filed our petition, noting that they don't have priority going all the way back, or written description support going all the way back, and it took them eight and a half months to say, hey, this could help us to add it in. It's obviously not clear from the record in that context. So here we have the complexities of patent prosecution, which are getting, I would say, worse and worse or better and better, more and more unmanageable. Let's assume for the sake of this question that it was an inadvertent mistake. At what point do the courts, certainly it's not the role of the MPEP to throw the book at someone who might have missed something as significant, it turns out, as another group of patents, same owner, there was no issue of conflict internally, a long chain in all of the patents that were cited and unsighted, and it didn't happen to have been put together. And let's just assume that there is a meritorious entitlement here. Nonetheless, at what stage do the courts step in and try and achieve the right result, if we can figure out what the right result is? I think that the board had it correct. They looked at this, they looked at it, it was already post-institution, it was two and a half months after institution, the post-grant review decision had to be instituted on the grounds that we find you're not entitled to written description support back to 2004. Mid-litigation, a litigant shouldn't be free, if it's prejudicial to the other side, which it was prejudicial to Arkema, to go change the entire grounds of the proceeding. And so it's not appropriate to make a change at that point, and that's what the prejudice issue was, and is, and remains, and was part of the basis for the board denying Honeywell authorization to file its motion. But who makes that determination, the prejudice determination? Isn't that part of whether this is a minor change or not? No, prejudice is entirely separate. The minor... Doesn't that go to the merits of minor change, and doesn't that belong to the director? No, I don't believe so, Your Honor. I think minor is a question of, is it a minor change to the patent itself? Prejudice was in the context of the PGR itself, and the board, in its decision, references back to the showing of prejudice that had been made during the hearing. Well, what's left for the director to decide then? If it goes... If the board's deciding minor change, and whether there's prejudice or not, delay, all these other things you're talking about, whether a certificate will even, a correction will even affect any type of a change, what's left for the director? The director, had they done it in, for example, early enough in the case, a pre-institution, as in the USAA case they rely on, it was a pre-institution intent to file a certificate correction. Had they done it at a different time, or if there hadn't been prejudice, then it would have gone to the director for the director to decide, is it minor? And then there's the separate question later, is, does it change, provide written description support they would need? Are you saying that the minor change is connected to the prejudice inquiry? No, I'm saying it's not. I'm saying that the minor is 255. If this was a minor change, then it doesn't really matter at what stage this was filed, because there might be prejudice. But it's still, if it's a minor change, they're probably entitled to a certificate of correction. Not if it's prejudicial, not if it interferes with the proceeding. The post-grant review is a timely proceeding. The board has... I don't understand how that can be right. That's going to mean that if a patentee made an inadvertent mistake and are entitled to a certificate of correction under the statute and the regulations, they're going to get that right taken away from them because you filed an IPR? They don't have a right to get a certificate of correction. The director has a right to grant a certificate of correction. That's not the way 255 is written. Sure, but if it's minor or inadvertent, the statutes and regulations basically give them a right to seek it. It probably should be granted. It's potentially available for typographical, clerical, or minor. It just seems to me that you're arguing for more than you need to here, because the board determined that this wasn't minor. So whether there was prejudice or not, the fact that there's prejudice helps, but if this isn't minor, it's not something the director would have granted. Absolutely. And what Honeywell, I think, overstates what the board said about minor. The Honeywell articulates that there was sort of a per se decision by the board that a change in priority can never be minor. That's not what the board said, and neither does the precedent they rely on say that a change in priority is always minor. Are you aware of any decisions or director from the board or the director that have allowed certificates of corrections of this character where what they're trying to get the change is to an unmentioned earlier patent or parent, rather than correcting somehow something that was already in the patent issue? All the cases that have come up in the briefing that Honeywell cites in support of their side, as I read them, are going back to the original parent application and fixing a priority. But you're not aware of any cases that say this situation is not permissible? Correct, Your Honor. So if that's the case, then why shouldn't, particularly if it's a kind of issue of first impression on this statute of regulation, why shouldn't the director make it in the first instance, not the PTAB? The PTAB wasn't usurping the authority of the PTAB or the director to make this. The PTAB had a duty to conduct a post-grade review. I mean, I get what you're saying, but they kind of are, if it's a live question of whether this is possible or not. I mean, if there was a long line of precedents from the director saying, this isn't a minor change, this is something that doesn't entitle you to a certificate of correction, then I think it would be very easy for the board to say, look, the director is not going to grant this. It's futile. We're not going to give it. But this seems to me, unless you all come up with something that you haven't cited in the briefs today, it's an open question of whether the director would have granted that. There are other cases that are in the record. Prime Focus is a PTAB case where a certificate of correction was denied at the motion for authorization of a certificate of correction was denied because the change there wasn't a priority change. I believe it was a change to the claims. But it would have made the case a moving target, and it was too late to have done that. Sure, but that's different again. I mean, this is a change to a priority date. It's of a different character than kind of an inadvertent, you know, mistaking of the chain in the actual documents underlying the patented issue. It has to add, at least I think in your view, it has to add new material, as in adding a different patent and adding more evidence about the chain. But I'm not convinced that the director would disallow that. And that's why the board can be affirmed, even if there was a mistake on minor, because of the prejudice issue. It was a two-pronged decision. We're not convinced that Honeywell made a showing. They don't make a judgment that it's impossible. They say that Honeywell, who had two hearings over one and a quarter hours to make a showing, that Honeywell failed to make a showing that it was minor character, given the prejudice that had been articulated. And further, that it would be prejudicial at this stage. So the board's decision rests on two prongs. So if we don't have any precedent from the director or the board on this issue about whether this is minor or not, what kind of showing would they make other than saying, here are the facts, here's the patent we want to get priority back to. We think the board would let us. What they admitted, in fact, rather than making a showing, is that the board's decision was premised on finding that the patent was only entitled to a 2014 priority date for its claims, and they admitted that they were trying to change that, and they admitted that would change the basis of institution. And so it was pretty clearly not minor, based on Honeywell's own admissions. But if they had found a chain back to the other patent that they claimed priority to that was in the record, I think that would clearly be a minor change. We still may have to do the prejudice analysis, but that would have been sufficient showing for a minor change, because the director does grant a certificate of corrections in those circumstances. So again, the question is, if we agree that the director can grant a certificate of correction in those circumstances, and has never addressed this circumstance, why isn't it an abuse of discretion for the board to make that first decision rather than the director? The board has Rule 42.3. It's required to cede its exclusive jurisdiction. There's no challenge that it has exclusive jurisdiction, and the board must be able to manage its own docket. And if any time someone comes in and says, we believe it was inadvertent, we'll have a declaration to say that error was inadvertent, it's going to force the PTAB to give up its own docket, which is not a proper requirement. It handles arguments... Sure, but that argument proves too much, because that argument would prove the same thing for minor corrections. And I think it would be fair to say that if the board disallowed a motion to file a certificate of correction on something that's minor, and then it's almost certain that the director would grant, we would find that an abuse of discretion. So the management of the docket, to me, doesn't answer the question of whether this is still something that is a relatively open question that should have been sent back to the director to decide, rather than the board making it in the first instance as a futility determination. Sending it back to the director two and a half months in would have interfered with proceeding as it was going on. And that's what the board should probably be able to do to manage its docket. But do you agree that that would be the same argument even if it was a minor correction? Right? If it was filed at the same time? Would you be up here arguing? I suppose you would be if the board had ruled in your favor on a minor correction, but I think you have a hard time prevailing that it was okay for the board not to send something back that looked like it was a minor mistake that could be corrected. If it's prejudicial, that's a separate reason for the board to deny, and a proper reason. And Honeywell, you know, in the argument before the board, they sua sponte recognized that prejudice was an issue. They recognized it in the opening brief. Prejudice is an issue, and it's an independent reason why, and a clear reason here where the board can be affirmed on the finding of prejudice alone. I know we're just about out of your time, but do you have any view, because I'm going to ask your friend about this, what our standard of review on this question is, whether it's an abuse of discretion or do we have full, de novo review of the board's denial of motion? I don't think it's more than abuse of discretion. I don't think it's higher than that. I mean, we do argue, Your Honor, that this, the board's management of its own docket under Rule 42.3 is an exception under 701A2 that it's left to the board's discretion on when or, it may or may not cede its jurisdiction. So our lead argument, Your Honor, is that it's actually not reviewable. Didn't the board make some factual findings here? The board absolutely did make factual findings. So wouldn't that be a substantial evidence standard? If it's an APA review, I think that 706 is the arbitrary and capricious standard. Okay. Any more questions for Mr. Felsen? One more question. Okay. Thank you, Your Honor. Thank you, Mr. Felsen. Mr. O'Connor. Thank you, Judge Newman. Let me start with the standard of review question, Judge Hughes, that you were asking my colleague. I mean, we are here under 706. 706 means that if the agency has acted in a manner that's arbitrary and capricious, abused its discretion, or otherwise not in accordance with law, you've got to send it back. I would submit that the agency here failed each one of those prongs. It acted contrary to law because it misunderstood what it means to be of minor character. The board doesn't do the... Well, let's set that aside. Okay. I know that you're arguing maybe that's the better reading of the opinion, but I'm not convinced that that's what the board was doing. I think it seemed to me that they were distinguishing between minor and non-minor errors, and if that's the case, then they're doing the law correct, but tell me why it's arbitrary and capricious. The only other point I'll make on that, Judge Hughes, is just, again, if you look back at the record and look at Appendix 154, you'll see there's no suggestion by the board, not in its questions and not in its decision, that this is about the specifics of the priority chain. This is all about the fact that it's going to change prior art, and that's going to happen every time that you have a correction to a priority chain. And that also gets to why it's arbitrary and capricious. In every other analogous circumstance where the board has... Where the patent office has been faced with the certificate of correction, the use of a certificate of correction for correcting a priority chain, it is said that that is something that is potentially available, and that that is something you can use a certificate of correction for. Sure, I get all that, but my problem is it's very unclear to me whether this is the type of correction of a chain that the director would allow. Sure. Because this is not the type of kind of generally... The ones where we see which are pretty minor, where it's in the specification or in the prosecution history, and you just didn't note the chain properly, and you can go back and point to the underlying documents. I take it... I may be wrong, but I think you have to add additional documents here. You have to add stuff that wasn't in the prosecution of this patent. We point to what would be now the parent application, so this can all be discerned from this application and from what we're asserting would be the proper parent application, but I agree you have to point... That parent application was not mentioned anywhere in the current patent. I'm not aware of it having been mentioned in the current patent. Nobody has cited to me any case where the director has allowed a correction on that basis. I'll say this, Judge Hughes, that gets back to, again, what is the posture we're in? The board denied us permission to even seek permission to file a certificate of correction. They cut us off at the first step, and at a minimum, the board, precisely for the reasons that you've identified, the board should have at least allowed briefing on this, and then these issues could have been sussed out. If I may, Judge Newman, I'd like to respond. I know I'm past my rebuttal time, but if I could, I'd just like to respond on the prejudice point because we've heard a lot about it, and I think it's important to recognize that for all of the statement of saying there's prejudice, there's not actually any evidence of prejudice. Again, because the board didn't brief this, they didn't put on any evidence in response to say, oh, well, there actually is prior art that we would have put in. That was one of the arguments they make is, well, there's other prior art that we could have asserted. There's no record of that. That's pure speculation. And their main argument about prejudice is just to say, well, it's prejudicial because now things that would have been prior art will not be prior art because you've changed the priority. That can't be the prejudice here because that's going to be true every time a certificate of correction. That would be automatic prejudice. That's absolutely right, Judge Hughes. Even for the minor issues. Even for the minor issues, even for a typographical correction. That's absolutely right. Anything else you want to ask? No. Do you want to ask Mr. McQueen? Thank you. Thank you both. Thank you, Judge Newman.